IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

```
                              )
IN RE                         )
                              )
JUDY M. LOUD,                 )   CASE NO. 12-80627-G3-13
                              )
        Debtor,               )
                              )
```

ENTERED
07/23/2013

## MEMORANDUM OPINION

The court has held an evidentiary hearing on three motions, each titled "Motion for Relief from Automatic Stay" (Docket Nos. 48, 49, and 54) filed by Moody National Bank ("MNB"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered conditioning the automatic stay. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Conclusions of Law

Judy M. Loud ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 21, 2012.

Prior to the instant case, Debtor was also the debtor in Case No. 11-80416-G3-13. The petition in that case was filed on August 1, 2011. The case was dismissed, by order entered on November 2, 2012, on the Trustee's motion, for failure of the Debtor to make plan payments.

Debtor has proposed a Chapter 13 plan calling for her to pay $3,250 per month for six months, followed by $7,510 per month for 52 months, to the Chapter 13 Trustee.  The plan calls for disbursements to creditors, including <u>inter</u> <u>alia</u>, $87,798.83, plus $7,923.49, plus $4,273.76 to MNB in arrearage claims secured by property located at 5001 Oak Lane, Texas City, Texas (the "Oak Lane" property), $41,056.57 secured by property located at 120 Union and 6704 N. Railroad, La Marque, Texas (the "Union" and "Railroad" properties, respectively), and $21,145.40 secured by property located at 806 Lilac, Texas City, Texas (the "Lilac" property).[1]  (Docket No. 57).

In the instant motions, MNB seeks relief from stay as to the Oak Lane property (Docket No. 54), the Union and Railroad properties (Docket No. 48), and the Lilac property (Docket No. 49).  As to each, MNB asserts that the stay should be lifted for cause, in that this case was filed in violation of Section 109(g) of the Bankruptcy Code, Debtor has not made direct payments to

---

[1] The court notes that the plan as presently proposed incorrectly classifies all of the debts secured by the Oak Lane, Union, Railroad, and Lilac properties as debts secured by the Debtor's principal residence.  Such classification is impossible, as Debtor may have only one principal residence.  However, the treatment of the claims in the plan appears to be reasonable, despite the incorrect classification.

MNB, and has not maintained insurance on each of the properties. MNB also asserts that the instant case was filed in bad faith.[2]

Debtor's schedule I reflects that Debtor's income consists of $4,050.00 in income from real property, $484.00 in social security benefits, $361.11 in pension income, $109.42 in pension income, $3,000.00 in family help, and $2,000 in anticipated future rents. (Docket No. 20).

Debtor testified that at present, she occupies the Oak Lane property as her homestead. She testified that the Union property is presently rented. She testified that the Railroad and Lilac properties are not presently rented, but are on the market for rent. She testified that the rental rate on the Union property is $800 per month. She testified that when the Railroad property is rented, the rent is $1,000 per month. She testified that when the Lilac property is rented, the rent is $950 per month.

As to the Oak Lane property, Debtor testified that she had been rejected several times for windstorm insurance on the property. She testified that her now-deceased husband made repairs to the roof of the property, and that her previous insurance agent had not notified her that the reason her

---

[2]MNB's argument as to bad faith is foreclosed by this court's determination, in granting Debtor's motion to extend stay, that the instant case was filed in good faith. (Docket No. 21).

applications for windstorm insurance were rejected was that there had been no certificate approving the roof repairs.  She testified that she switched insurance agents, and that the new agent identified the problem.  She testified that she obtained the required certificate, and now has obtained windstorm insurance on the Oak Lane property.  She testified that she also has homeowner's insurance on the Oak Lane property.  She testified that flood insurance is not required, because the Oak Lane property is not in the flood zone.

As to the Union property, Debtor testified that she has windstorm insurance and fire insurance.  She testified that flood insurance is not required, because the Union property is not in the flood zone.

As to the Railroad property, Debtor testified that she has windstorm insurance and fire insurance.  She testified that she obtained flood insurance the day before the hearing on the instant motions.  She testified that the flood insurance goes into effect 30 days after it is purchased.

As to the Lilac property, Debtor testified taht she has windstorm insurance and fire insurance.  She testified that flood insurance is not required, because the Lilac property is not in the flood zone.

Debtor testified that she did not review each of the insurance policies to ensure that MNB was listed as a loss payee

on each policy.  She testified that she is confident that she will be able to get her new insurance agent to make sure that the policies list MNB as a loss payee.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. §§ 362(d)(1).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
> > (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> >
> > (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, it appears that Debtor can keep MNB adequately protected, as long as Debtor makes the payments called for under her proposed plan, and ensures that the insurance policies covering the properties remain in force and list MNB as a loss payee.  The court concludes that the stay should be conditioned on Debtor's doing so.

MNB's argument as to Section 109(g) of the Bankruptcy Code lacks merit.  Section 109(g) provides:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if -
>
> > (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
> >
> > (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g).

MNB cites no authority for the proposition that a failure to make plan payments constitutes a "willful failure of

6

the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case."  The court declines to reach such a conclusion in the instant case.

Based on the foregoing, a separate Judgment will be entered conditioning the automatic stay as to the Oak Lane, Union, Railroad, and Lilac properties, in accordance with this Memorandum Opinion.

Signed at Houston, Texas on July 23, 2013.

_Letitia Z. Paul_
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE